IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Maricela Morales, ) | C/A No.: 1:19-cv-1985-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| Andrew M. Saul, Commissioner of ) | |
| the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on the motion of Plaintiff's counsel for fees under 42 U.S.C. § 406(b). [ECF No. 22]. On March 17, 2020, the court granted the Commissioner's motion and remanded the case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). [ECF No. 17]. On June 15, 2020, the court issued an order granting Plaintiff's motion under the Equal Access to Justice Act ("the EAJA") and directing the Commissioner to pay Plaintiff an attorney fee of $4,090, as stipulated to by the parties. [ECF No. 21]. The Commissioner subsequently awarded Plaintiff total past-due benefits in the amount of $48,400.48. [ECF Nos. 22-1 at 2 and 22-3 at 3–4]. On January 12, 2021, counsel requested the court authorize a total fee in the amount of $12,100.12, which represents 25% of past-due benefits resulting from the claim, as agreed to by Plaintiff in the contingent

fee agreement dated July 11, 2019.[1] [ECF Nos. 21-2 at 2 and 22-2 at 2–3]. The Commissioner subsequently filed a response in support of the motion by Plaintiff's counsel.[2] [ECF No. 23]. The court has considered counsel's motion for fees under 42 U.S.C. § 406(b), and approves the motion, as set forth herein.

I.    Consideration of Motion for Attorney Fees Under 42 U.S.C. § 406(b)

When a court renders a favorable judgment to a claimant in a claim brought against the Commissioner, the court may "determine and allow as part of its judgment a reasonable fee" to the claimant's attorney that is "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reasons of such judgment." 42 U.S.C. § 406(b)(1)(A). The Supreme Court held in *Gisbrecht v. Barnhardt*, 535 U.S. 789 (2002), that

---

[1] The fee agreement is signed by "Howard D. Olinsky, Esq.," who is not counsel of record. However, the fee agreement provides that Plaintiff is "employ[ing] the attorneys at Olinsky Law Group ('OLG') or 'my federal court attorney.'" Attorney Mario A. Pacella represents himself as "Local Counsel for Olinsky Law Group." ]ECF No. 22-1 at 3]. Attorney Matthew R. McGarry represents himself as a member of Olinsky Law Group. [ECF No.7-1 at 1]. Therefore, the undersigned finds the fee agreement applicable to Plaintiff's relationship with the counsel of record.

[2] Plaintiff's counsel requested the court authorize payment of an additional fee in the amount of $6,100.12, as $6,000 of the $12,100.12 was to be paid directly pursuant to the fee agreement at the agency level. *See* ECF No. 22-1 at 2. Counsel for the Commissioner requested "that the Court authorize a payment to Plaintiff's counsel . . . in the amount of Six Thousand, One Hundred Dollars and 12/00 cents ($6,100.12) in attorney's fees being withheld from Plaintiff's past-due benefits." [ECF No. 23 at 1]. The undersigned interprets the Commissioner's response in support of Plaintiff's motion as supporting approval of total attorneys' fees of $12,100.12 under 42 U.S.C. § 406(b).

2

42 U.S.C. § 406(b) instructs courts to review contingent fee agreements for reasonableness where the agreed-upon fee does not exceed the statutory ceiling of 25%. Nevertheless, the contingent fee may be reduced from the agreed-upon amount "when (1) the fee is out of line 'with the character of the representation and the results . . . achieved,' (2) counsel's delay caused past-due benefits to accumulate 'during the pendency of the case in court,' or (3) past-due benefits 'are large in comparison to the amount of time counsel spent on the case.'" *Mudd v. Barnhardt*, 418 F.3d 424, 427 (4th Cir. 2005), *citing Gisbrecht* at 808.

Counsel filed a copy of the contingent fee agreement, signed by Plaintiff, which provides in relevant part:

> ATTORNEY'S FEE: 406B FEES IF YOU WIN BENEFITS: I understand that my federal court attorney also has the right to ask the court to award 25% of my past-due benefits ("406(b) fees") for representing me in federal court. The parties agree that if counsel becomes entitled to a fee up to 25% of the past due benefits for work before the court under 42 USC sec. 406(b), (Culbertson v. Commissioner) that counsel will credit the amount of the EAJA fee in addition to the 406B fee and will return any excess EAJA amounts not authorized, to the claimant.

[ECF No. 22-2 at 2]. Because the agreed-upon fee does not exceed the statutory ceiling of 25% set forth in *Gisbrecht*, the court considers only the reasonableness of the fee.

The court concludes that the fee is not out of line with the character of the representation and the results achieved. Plaintiff's attorneys have

3

represented her for over a year and have expended a combined total of 17.8 hours on her claim. [ECF No. 22-5 at 2]. Counsel obtained total past-due benefits on claimant's behalf in the amount of $48,400.48 for the period from August 2016 through December 2020. [ECF No. 22-3 at 1]. In consideration of the nature of the representation, the period of the representation, and the amount of past-due benefits obtained for Plaintiff, the court concludes that the fee is not out of line with the character of the representation and the results achieved.

The court further determines that counsel did not cause any delays that affected the accumulation of past-due benefits during the pendency of the case in this court. Counsel filed Plaintiff's brief within 30 days of the Commissioner's filing of an answer and sought no extensions.

The court finds that the requested fee is not large in comparison to the amount of time counsel spent on the case. The record reflects that counsel represented the claimant for 17.8 hours at the district court level. [ECF Nos. 22-1 at 3 and 22-5 at 2]. In addition, Plaintiff's counsel has documented that support staff spent 6.8 hours on the case. [ECF Nos. 22-1 at 3 and 22-6 at 2]. Counsel's request amounts to an hourly rate of $679.78 for the attorneys' time without consideration of additional time expended by support staff. Although this amount would likely exceed a standard hourly rate, "[i]f the fee approved for [] counsel was limited to the hourly rate an attorney could earn

4

without the risk of a contingency fee . . . 'plaintiff's may find it difficult to obtain representation.'" *Duval v. Colvin*, C/A No. 5:11-577-RMG, 2013 WL 5506081, at *1 (D.S.C. Sept. 30, 2013) (quoting *In re Abrams & Abrams, P.A.*, 605 F.3d 238, 246 (4th Cir. 2010). Because counsel accepted representation along with the risk of no payment, a resulting fee that exceeds standard hourly rates is not unreasonable and does not result in a windfall.

The court finds that the contingent fee agreement complies with 42 U.S.C. § 406(b)(1)(A) in that it is both reasonable and does not exceed the statutory maximum fee. Therefore, the court grants Plaintiff's counsel's motion for fees under 42 U.S.C. § 406(b) and approves a total attorneys' fee of $12,100.12.[3]

## II.   Refund of EAJA Fees

The *Gisbrecht* Court directed that the attorney should refund the smaller fee to "the claimant" when the attorney obtained fees under both the EAJA and 42 U.S.C. § 406(b). Although the court approved an EAJA fee of $4,090 on June 15, 2020 [ECF No. 21], Plaintiff's counsel represents that no EAJA fee has been paid. [ECF No. 22-1 at 2]. It is unclear from the record

---

[3] Plaintiff's counsel represents that an agency fee agreement was approved in the amount of $6,000 to be paid directly. [ECF No. 22-1 at 2]. The court approves a total attorney fee of $12,100.12, which should be reduced by any amount paid directly to Plaintiff's counsel. If Plaintiff's counsel received a direct payment of $6,000 from her past-due benefits, the agency should pay Plaintiff's counsel an additional $6,100.12, representing the remainder of the approved fee not to exceed 25% of Plaintiff's past-due benefits.

whether the EAJA fee has been withheld pursuant to a valid lien under the Treasury Offset Program (31 U.S.C. § 3716(c)(3)(b) (2006), or whether payment merely has not been processed.

Therefore, the court directs counsel to engage in diligent follow up as to the EAJA fee, and upon receipt of the total fee approved herein and the EAJA fee, to refund to Plaintiff any amount in excess of the $12,100.12 fee approved herein.

IT IS SO ORDERED.

January 21, 2021
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge